## Kurel, Appellant, *v.* Shamokin Borough.

*Negligence—Streets—Municipalities—Contributory negligence.*
In an action against a borough to recover damages for personal injuries, the plaintiff is not entitled to recover where it appears that the accident was the result of the plaintiff's stopping his wagon so near the tracks of a steam railroad located on a borough street as to permit it to be struck by a train, although there was ample room for the wagon to stand on the street at a safe distance from the tracks.

Argued May 9, 1912.    Appeal, No. 98, Jan. T., 1912, by plaintiff, from judgment of C. P. Northumberland Co., Sept. T., 1910, No. 589, nonsuit in case of Frank Kurel v. The Borough of Shamokin. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUTEN, J.
The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Charles C. Lark,* with him *George B. Reimensnyder,* for appellant.

*J. W. Gillespie,* with him *J. Mal. Gillespie,* for appellee.

PER CURIAM, July 2, 1912:
On the side of the borough street on which the plaintiff was injured there were the tracks of a steam railroad, and at the place of the accident there was on the other side a guy-pole, the outer surface of which was in line with the outer edge of the foot walk. There was a clear space between the railroad tracks and the

foot walk of more than eleven feet. The plaintiff was selling farm produce and stopped his wagon so near the tracks that it was struck by a train and pushed against the pole. There was ample room for his wagon to stand on the street at a safe distance from the tracks and it is too evident to admit of doubt that his injuries resulted entirely from his own negligence.

The judgment of nonsuit is affirmed.